UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARCOS VASQUEZ, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:12-CV-3181 |
| | § | |
| AMERICAN BOR-TRENCH, INC., *et al*, | § | |
| | § | |
| Defendants. | § | |

## OPINION AND ORDER

Pending before the Court is Plaintiff Marcos Vasquez's (Vasquez) motion for conditional class certification and notice pursuant to 29 U.S.C. § 216(b) (Doc. 33). Vasquez filed this suit on behalf of himself and those similarly situated against Defendants American Bor-Trench, Inc., Keith Murrell, Darwin Bonilla, individually and d/b/a/ D&B Cable, and David Parades (collectively, Defendants). Vasquez alleges that Defendants failed to pay him and the other putative class members overtime wages for hours worked in excess of forty per week. He now moves to certify a class that includes "all individuals who, at any point, during the past three years prior to the filing of this lawsuit, worked for Defendants more than forty hours per week on any of Defendants' commercial construction projects and did not receive overtime pay." Doc. 33 at 7. All Defendants except David Parades filed a collective response on procedural grounds (Doc. 34) asking that the Court strike Plaintiffs' motion as untimely, and an additional response in opposition to Plaintiffs' motion for conditional certification (Doc. 35) arguing that Plaintiff has failed to meet his burden to demonstrate that class treatment is appropriate in this case. Plaintiff filed replies to both of Defendants' responses (Docs. 36 and 37). Upon review and consideration of the motion and the responses and replies thereto, the relevant legal authority, and for the reasons stated below, the Court concludes that the motion should be denied.

**I.     Background**

According to Vasquez's motion, he worked for Defendants from January 2010 until November 2012, digging trenches and laying piping and cables. Decl. of Marcos Vasquez, July 29, 2013 ¶ 3 (Doc. 33-4). Defendant American Bor-Trench, Inc., (Am. Bor-Trench) is a general contractor engaged in underground wire and cable laying services. Pl.'s First Amended Compl., Doc. 6 ¶ 13; Doc. 37 at 3. Defendant Keith Murrell ("Murrell") is the owner and operator of Am. Bor-Trench. Doc. 6 ¶ 9. Defendant Darwin Bonilla ("Bonilla") owns Defendant D&B Cable, which is a sub-contractor for Am. Bor-Trench. Doc. 6 ¶ 7; Doc. 35 ¶ 23. From December 2008 until May 2009, D&B Cable employed its own subcontractor, Ferraris Utility Service ("Ferraris"), which is owned and operated by Defendant David Parades ("Parades"). Doc. 35 ¶ 23. Vasquez alleges that Defendants are joint employers under the FLSA since they jointly exercised control over his work schedule, controlled the quality of his work, provided the materials, tools and safety equipment, supervised his daily work, paid his wages, and had the power to terminate his employment. Doc. 6 ¶¶ 15–16. He claims that Defendants maintained a policy of misclassifying him and other similarly situated workers as independent contractors in order to avoid paying them overtime as required by the FLSA, 29 U.S.C. § 207(a)(1). Doc. 33 at 2. Doc. 6, ¶ 7; Aff. Of David Parades, November 14, 2012 (Doc. 35, Ex. A). Vasquez states that he and other similarly situated employees worked approximately seventy-six hours per week and were paid a fixed salary of approximately $100.00 per day, or $600.00 per week, regardless of the number of hours worked. Doc. 6 ¶ 17–18. They were not paid a rate of one-and-one-half times their regular rate for hours worked in excess of forty per week. Doc. 6 ¶ 18.

On August 20, 2013, Vasquez filed this motion to conditionally certify the proposed class, and Esteban Efrain Rios ("Rios"), another employee of Defendants who worked digging

trenches and laying piping and cables, filed his consent to join a collective action (Doc. 31). Defendants objected to the motion on procedural grounds, claiming that it was untimely filed, and on substantive grounds claiming that the allegations that the companies are "affiliated" is insufficient to warrant certification of a class that includes all employees of three different entities. Doc. 35 ¶ 44. Additionally, Defendants object that the class is not limited to only manual laborers or only employees of Parades since it is only his employees who worked as manual laborers who have joined the suit.[1]  Doc. 35 ¶ 52.  Defendants argue in the alternative that if the Court does conditionally certify a class in this case, it should be limited to "employees classified as hourly laborers." Doc. 13 ¶ 49.

## II.   Legal Standard

Under the FLSA, no employer shall employ any nonexempt employee in excess of forty hours per week without compensation at one and one-half times the regular rate. 29 U.S.C. § 207(a). Section 216(b) of the FLSA permits an employee to bring an action "for and [on] behalf of himself . . . and other employees similarly situated." *Id.* at § 216(b). Collective actions serve the purpose of decreasing litigation costs by efficiently resolving common issues of law and fact in a single proceeding. *Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165, 170 (1989). To certify a collective action under the FLSA, two requirements must be satisfied. "First, the named representative and the putative members of the prospective FLSA class must be similarly situated. Second, the pending action must have a general effect." *England v. New Century Fin.*

---

[1] To support their argument, Defendants attached to their response the affidavit Parades wherein he describes the business arrangement between Ferraris and Am. Bor-Trench. Aff. Of David Parades, November 14, 2012 (Doc. 35, Ex. A). According to Parades, Ferraris served as a sub-contractor for Am. Bor-Trench pursuant to an agreement, was paid by Am. Bor-Trench an agreed flat rate for each assigned project without regard to number of hours worked by Ferraris's employees, provided its own tools on the projects, and maintained its own liability insurance. Doc. 35, Ex. A ¶¶ 3–5.

*Corp.*, 370 F.Supp. 2d 504, 507 (M.D. La. 2005).  Class treatment is not appropriate where the action arises from circumstances that are "purely personal to the plaintiff, and not from any generally applicable rule or policy."  *Id.*

The Fifth Circuit has noted the two different tests that courts apply to determine if the putative class members are "similarly situated."  *Mooney v. Armaco Srvcs. Co.*, 54 F.3d at 1213–14 (5th Cir. 1995).  Like most district courts, this Court has generally adopted the two-stage approach articulated in *Lusardi v. Xerox Corp.,* 118 F.R.D. 351 (D.N.J. 1987), which consists of (i) a notice stage, followed by (ii) a decertification stage.[2]  *See Sandoz v. Cingular Wireless LLC,* 553 F.3d 913, 916 n.2 (5th Cir. 2008) (finding that "collective actions typically proceed in two stages").  At the notice stage of the *Lusardi* approach, the district court first makes a preliminary determination of whether potential plaintiffs are similarly situated to the named plaintiff.  *Mooney,* 54 F.3d at 1213–14.  If they are, then the court conditionally certifies the action and authorizes notice to potential plaintiffs to opt in, and the suit "proceeds as a representative action throughout discovery."  *Id.* at 1214.  Generally, after the close of discovery, the defendant initiates the second stage by filing a motion for "decertification."  *Id.*  At the decertification stage, the Court makes a factual determination of whether the plaintiffs are "similarly situated" based on the discovery evidence.  *Id.*  If the court determines from the discovery evidence that the plaintiffs are in fact similarly situated, then the case continues as a representative action.  *Id.*  If the court finds that the plaintiffs are not similarly situated, then the class is decertified, the "opt-in" plaintiffs are dismissed without prejudice, and the original plaintiffs proceed to trial on their individual claims.  *Id.* at 1213–14.

The instant case concerns the first step of *Lusardi*—the notice stage.  At the notice stage,

---

[2] A second, less common approach is the "spurious" class action procedure employed in *Shushan v. Univ. of Colo.,* 132 F.R.D. 263 (D. Colo. 1990), which analyzes collective certification according to the Rule 23 class action requirements; i.e., numerosity, commonality, typicality and adequacy of representation.

plaintiffs bear the burden to establish that they are similarly situated to other employees in the proposed class. *England*, 370 F. Supp. 2d at 507. Plaintiffs are similarly situated when they have the same job requirements and pay provisions. *Aguilar v. Complete Landsculpture, Inc.*, 3:04-cv-0776-d, 2004 WL 2293842, at *1 (N.D. Tex. Oct. 7, 2011). Courts determine whether the burden has been met using a "fairly lenient standard," requiring only "substantial allegations that the putative class members were together the victims of a single decision, policy, or plan..." *Mooney,* 54 F.3d at 1214, n.8 (citing *Sperling*, 118 F.R.D. at 407); *see also England*, 370 F. Supp. 2d at 507–08 (Plaintiffs must offer support of "some factual nexus which binds the named plaintiffs and the potential class members together as victims of a particular alleged [policy or practice]."). A court will customarily make its decision "based only on the pleadings and any affidavits which have been submitted." *Mooney*, 54 F.3d at 1213–14. Generally, to meet this burden, a plaintiff must show "(1) there is a reasonable basis for crediting the assertion that aggrieved individuals exist; (2) those aggrieved individuals are similarly situated to the plaintiff in relevant respects given the claims and defenses asserted; and (3) those individuals want to opt in to the lawsuit[3]." *Morales v. Thang Hung Corp.*, No. 4:08-2795, 2009 WL 2524601, at *2 (S.D. Tex. Aug. 14, 2009) (citing *Maynor v. Dow Chemical Co.*, No. G-07-0504, 2008 WL 2220394, at *6 (S.D. Tex. May 28, 2008)); *Aguirre v. SBC Commc'ns, Inc.*, No. Civ.A.H-05-3198, 2006 WL 964554, at *6 (S.D. Tex. Apr. 11, 2006) (same). "[C]ourts who have faced the question of whether movants established substantial allegations have considered factors such as (1) whether potential plaintiffs were identified; (2) whether affidavits of potential plaintiffs were submitted; and (3) whether evidence of a widespread discriminatory plan was submitted." *England*, 370 F. Supp. 2d at 508 (quoting *H&R Block, Ltd. v. Housden*, 186 F.R.D. 399 (E.D.

---

[3] Some courts have rejected this third non-statutory element. *See, e.g., Dreyer v. Baker Hughes Oilfield Operations, Inc.,* No. H–08–1212, 2008 WL 5204149, at *3 (S.D. Tex. Dec.11, 2008).

Tex. 1999)).

### III. Discussion

Defendants argue that Vasquez's conditional certification motion should be denied as untimely on the grounds that the Court's scheduling order set June 3, 2013 as the deadline to file motions for leave to amend pleadings and join new parties. Doc. 34. The Court addressed this exact argument in *Garcia v. Triple D Sec. Corp.*, NO. H-10-4231, 2012 WL 906809, at *2 (S.D. Tex. 2012, Mar. 6, 2012). As stated therein, the scheduling order contemplates the addition of parties pursuant to Federal Rules of Civil Procedure 19 and 20, not pursuant to a motion for class certification. Accordingly, at this relatively early stage in the proceedings, the motion for conditional certification was not untimely.

Utilizing the two-step process recognized in *Lusardi*, the Court finds that Vasquez has failed to present sufficient evidence to show that similarly situated individuals exist. Although the standard to satisfy the first step is lenient, the Court still requires "substantial allegations" that the putative class members are similarly situated to the plaintiff with regard to job requirements and pay provisions. *Villatoro v. Kim Son Rest., L.P.*, 286 F. Supp. 2d 807, 810 (S.D. Tex. 2003). Vasquez does not proffer any evidence that he and the proposed class members were together victims of a single policy, other than to allege that Defendants maintained a policy of misclassifying him and other similarly situated workers as independent contractors to avoid paying them overtime compensation. Doc. 33 at 7. Defendants argue that Vasquez was properly classified as an independent contractor and vigorously dispute that they were employers or joint employers of Vasquez as the term is defined in the FLSA. Doc. 35 ¶¶ 26-31. Whether or not an employee is properly classified as an independent contractor is determined by examining a list of factors in the "economic realities" test. *See Hopkins v.*

*Cornerstone America*, 545 F.3d 338, 343 (5th Cir. 2008).  Courts in this district have generally held that the economic realities test is not appropriate for determination at the notice stage of FLSA class certification.  *See Walker v. Honghua America, LLC*, 870 F. Supp.2d 462, 471 (S.D. Tex.2012); *Heeg v. Adams Harris, Inc.*, 907 F.Supp.2d 856, 864 (S.D. Tex. 2012).  Therefore, without considering whether Vasquez or the other members of the proposed class were properly classified, the Court looks to see if Vasquez has sustained his burden to show that aggrieved individuals exist, are similarly situated to him, and wish to opt in to the lawsuit.

Vasquez has proposed a class that includes "all employees" of three different business entities and their owners based on the following allegation: "I know other employees, who, like me, worked the same number of hours and were also paid a flat weekly rate with no overtime."  He does not offer any basis for his sweeping conclusion, and therefore he has not provided the Court with a reasonable basis to conclude that other employees are similarly situated to him.  *See Trinh v. JP Morgan Chase & Co.*, No. 07-cv-1666, 2008 WL 1860161, at *4 (finding affiants' "speculative beliefs" that other workers were similarly situated were insufficient to warrant class treatment); *Goldstein v. Children's Hops. of Phila.*, No. 10-cv-01190, 2012 WL 5250385, at *3 ("While we can accept from [plaintiff's] declaration that she believes that others were 'subjected to the same…work policies and practices, and affected the same way by them,' she provides no indication of how she came to form this belief and, thus, whether there is a reasonable basis for it.").  Vasquez does not explain how the other putative class members are similarly situated to him in terms of job requirements.  He does not identify any other employees by name; nor does he estimate how many similarly situated employees exist.  He does not draw any distinctions among any of Defendants' employees based on their job titles, job duties, or exempt status.  The only evidence Vasquez offers in support of his motion is the declaration of Rios, which is

virtually identical to his own declaration, and therefore adds very little to support his allegations. Decl. of Esteban Efrain Rios, Aug. 19, 2013 (Doc. 33-5). Without more substantive allegations, the Court cannot certify such a broadly defined class.

## IV. Conclusion

For the foregoing reasons, it is hereby

**ORDERED** that Plaintiff's motion for conditional certification and court-approved notice is **DENIED**.

SIGNED at Houston, Texas, this 23rd day of January, 2014.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE